IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

_____
                                    )
TSDC, LLC                           )
                                    )
  an Ohio limited liability company ) CIVIL ACTION NO. __1:11-cv-978____
                                    )
  and                               ) Judge: _____
                                    )
SANDRA ELLIS                        )
                                    )
  Plaintiffs                        )
                                    )
 v.                                 )
                                    )
BEYOND THE BOX, LLC                 )
                                    )
  a North Carolina limited liability company )
                                    )
  and                               )
                                    )
BEYOND THE BOX, INC.                )
                                    )
  and                               )
                                    )
MICHAEL TODD TUCKER                 )
                                    )
  Defendants.                       )
_____ )

## CIVIL ACTION FOR REVIEW OF DECISION

## OF THE TRADEMARK TRIAL AND APPEAL BOARD OF THE

## UNITED STATES PATENT AND TRADEMARK OFFICE

## NATURE OF ACTION

1. This is an action under the Lanham Act §21(b)(1), 15 U.S.C. §1071(b)(1), seeking review of the final decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office dated September 14, 2011 dismissing Trademark Opposition Nos. 91197393 and 91197395.

## THE PARTIES

2. TSDC, LLC is (hereinafter referred to as "TSDC") is a limited liability company organized under the laws of the State of Ohio, having a principal place of business in Cleveland, Ohio.

3. Sandra Ellis (hereinafter referred to as "Ellis") is an individual residing in the State of Ohio. Ellis organized and operates TSDC.

4. TSDC and Ellis are hereinafter collectively referred to as "Plaintiffs".

5. Defendant, Beyond the Box, LLC (hereinafter referred to as "BTB-LLC"), is a limited liability company organized and existing under the laws of the State of North Carolina, having a principal place of business in Forsyth County at 116 Lowes Food Drive, #132, Lewisville, North Carolina 27023.

6. Defendant, Beyond the Box, Inc. (hereinafter referred to as "BTB-INC") was the named applicant in Trademark Application Serial No. 77/900,545 to register FIGHT LIKE A CAROLINA GIRL, and was alleged to be a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business in Forsyth County at 116 Lowes Food Drive, #132, Lewisville, North Carolina 27023.

7. Defendant BTB-INC was a party to Trademark Opposition Nos. 91197393 and 91197395 before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office.

8. Defendant Michael Todd Tucker (hereinafter referred to as "Tucker") electronically filed Trademark Application Serial No. 77/900,545 to register FIGHT LIKE A CAROLINA GIRL on behalf of BTB-INC.

9. BTB-INC, BTB-LLC and Tucker hereinafter collectively referred to as "Defendants".

10. Defendant Tucker executed Trademark Application Serial No. 77/900,545 to register FIGHT LIKE A CAROLINA GIRL on behalf of BTB-INC as its CEO.

11. According to the current records of the North Carolina Secretary of State, Defendant Tucker is the Manager and Registered Agent of BTB-LLC.

3

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. §1338(a) as this action arises under an Act of Congress relating to trademarks, namely, the Lanham Act.

13. Lanham Act 21§(b)(1), 15 U.S.C. §1071(b)(1), specifically provides for federal district court civil actions to seek review of final decisions rendered by the Trademark Trial and Appeal Board of the United States Patent and Trademark Office relating to trademarks.

14. The exercise of personal jurisdiction over Defendants BTB-INC and BTB-LLC is proper as these Defendants reside in the County of Forsyth, Town of Lewisville, State of North Carolina.

15. The exercise of personal jurisdiction over Defendant Tucker is proper as, according to the current records of the North Carolina Secretary of State, Defendant resides in Winston-Salem, North Carolina.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c) as Defendants BTB-INC and BTB-LLC are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time this action was commenced.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) as Defendant Tucker resides and can be found in this judicial district.

## FACTS

18. Plaintiffs have used the mark FIGHT LIKE A GIRL in connection with the marketing and sale of wearing apparel and other related goods in interstate commerce throughout the United States of America since at least as early as December, 2006.

19. Plaintiffs have acquired common law trademark rights in the mark FIGHT LIKE A GIRL in connection with the marketing and sale of wearing apparel and other goods based on the use of the mark FIGHT LIKE A GIRL since at least as early as December, 2006.

20. Plaintiffs use of the mark FIGHT LIKE A GIRL in connection with the marketing and sale of wearing apparel and other goods in interstate commerce has been valid and continuous since at least as early as December, 2006.

21. Plaintiffs use of the mark FIGHT LIKE A GIRL in connection with the marketing and sale of wearing apparel and other goods in interstate commerce has not been abandoned.

22. Plaintiffs have commenced use of a family of "FIGHT LIKE A GIRL" marks, namely, FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB-CLAIM YOUR POWER in connection with a wide variety of goods and services.

23. Plaintiffs filed United States Trademark Application Serial No. 85/022,163 to register the mark FIGHT LIKE A GIRL - CLUB CLAIM YOUR POWER on the Principal Register of the United States Patent and Trademark Office for use in connection with organizing and providing a forum for the interaction between those who suffer or are affected by ailments and life-threatening diseases.

24. Plaintiffs also filed United States Trademark Application Serial No. 85/082,681 to register the mark FIGHT LIKE A GIRL CLUB for use in connection with jewelry and clothing goods, and for use in connection with organizing and providing an on-line support group for those who suffer or are affected by ailments and life-threatening diseases.

25. Plaintiffs also filed United States Trademark Application Serial No. 85/389,284 to register the mark FIGHT LIKE A GIRL FOUNDATION for use in connection with charitable fundraising services.

26. Defendant BTB-INC. filed Trademark Application Serial No. 77/900,545 to register FIGHT LIKE A CAROLINA GIRL on the Principal Register of the United States Patent and Trademark Office for use in connection with athletic apparel, namely, shirts, pants, jackets, hats and caps, athletic uniforms excluding footwear.

27. Defendant Tucker executed Trademark Application Serial No. 77/900,545 to register FIGHT LIKE A CAROLINA GIRL on behalf of BTB-INC as its alleged CEO.

28. Defendant BTB-INC's application to register the mark FIGHT LIKE A CAROLINA GIRL was filed based on intent-to-use in commerce on December 23, 2009 and Defendant has not yet filed an allegation of use for the mark.

29. Defendant BTB-INC's application for the mark FIGHT LIKE A CAROLINA GIRL was published for opposition in the *Official Gazette* (Trademarks) on May 18, 2010.

30. Plaintiffs filed Opposition Nos. 91197393 and 91197395 opposing the registration of Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL on November 15, 2010.

31. Defendant BTB-INC filed a Motion for Judgment on the Pleadings on February 15, 2011 in Opposition Nos. 91197393 and 91197395, based on its alleged constructive date of first use.

32. Plaintiffs filed their response to Defendant's Motion for Judgment on the Pleadings on March 7, 2011, which was captioned "Opposers' Motion in Response to Applicant's Motion for Judgment on the Pleadings."

33. On July 7, 2011, Plaintiffs filed their supplemental response to Defendant's Motion for Judgment on the Pleadings, which was captioned "Opposers' Supplemental

Response to Applicant's Motion for Judgment on the Pleadings, or in the Alternative, Opposers' Motion for Judgment on the Pleadings."

34. Plaintiffs argued in their supplemental response that Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL was void *ab initio* for failure to name the correct applicant at the time of filing the application.

35. The Trademark Trial and Appeal Board of the United States Patent and Trademark Office erroneously considered Plaintiffs' supplemental response to Defendant's Motion for Judgment on the Pleadings to be a cross-motion for summary judgment.

36. On September 13, 2011 and September 14, 2011, the Trademark Trial and Appeal Board of the United States Patent and Trademark Office issued decisions granting Defendant's Motion for Judgment on the Pleadings, denying Plaintiffs' Motion for Judgment on the Pleadings, and dismissing Opposition Nos. 91197393 and 91197395.

37. The Trademark Trial and Appeal Board of the United States Patent and Trademark Office denied Plaintiff's alleged motion for summary judgment on the erroneous grounds of being premature and being based on an unpleaded issue, namely, that Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL was void *ab initio*.

## COUNT I:
## BTB-INC WAS WRONGLY NAMED AS THE APPLICANT ON TRADEMARK APPLICATION SERIAL NO. 77/900,545

38. Plaintiffs repeat, reallege, and incorporate herein by reference Paragraphs 1 through 37 above as though fully set forth herein.

39. The applicant named on Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL is "Beyond the Box, Inc."

40. Defendant Tucker executed the Declaration for Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL which states that "that statements made of his own knowledge are true; and all statements made on information and belief are believed to be true", and the Declarant is ". . . warned that willful false statements and the like are punishable by fine or imprisonment, or both under 18 U.S.C. §1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration. . .".

41. Defendant BTB-INC admitted in its Answer to Plaintiffs' Notices of Opposition that it was acting as an agent of another entity, End the Fight, in filing Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL.

42. The first paragraph of Defendant BTB-INC's Answer to the Plaintiffs' Notices of Opposition state, "Beyond The Box, Inc. . . . herein referred to as 'Applicant (acting as

Agent of END THE FIGHT) and/or Defendant's provide the following answers and counterclaims . . ."

43. Paragraph 4 of Defendant BTB-INC's counterclaims set forth in its Answer to Plaintiffs' Notices of Opposition states that Defendant BTB-INC was "acting as a gratis agent of END THE FIGHT".

44. The prayer for relief of Defendant BTB-INC's Answer to Plaintiffs' Notices of Opposition again states that Defendant BTB-INC was "acting as agent of END THE FIGHT".

45. It is clear from Defendant BTB-INC's own admissions that Defendant BTB-INC or Defendant BTB-LLC never had a bona fide intent-to-use the mark FIGHT LIKE A CAROLINA GIRL in commerce.

46. It is also clear that Defendant BTB-INC and/or Defendant BTB-LLC was merely acting as an agent of an entirely separate and distinct entity, End the Fight, LLC, or the organizer(s) or manager(s) of End the Fight, LLC, in filing Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL.

47. End the Fight, LLC, or its organizer(s) or manager(s), had the intent-to-use the mark FIGHT LIKE A CAROLINA GIRL in commerce and therefore should have been

named as the applicant on Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL.

48. Defendants BTB-INC or BTB-LLC did not have the requisite bona fide intent-to-use the mark FIGHT LIKE A CAROLINA GIRL, were not the owner of the mark, and were not entitled to file Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL. Therefore, BTB-INC was wrongly named as the applicant.

49. Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL cannot be amended to designate End The Fight, LLC as the applicant.

50. Plaintiffs' own United States Trademark Application Serial No. 85/082,681 to register the mark FIGHT LIKE A GIRL CLUB is currently suspended pending the outcome of Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL.

51. Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL is void and is currently an impediment to the registration of Plaintiffs' mark FIGHT LIKE A GIRL CLUB.

52. Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL is void *ab initio* and must be refused registration.

11

## COUNT II:
## THE NAMED APPLICANT ON TRADEMARK APPLICATION SERIAL NO. 77/900,54 IS A NONEXISTENT LEGAL ENTITY AND CANNOT BE AMENDED

53. Plaintiffs repeat, reallege, and incorporate herein by reference Paragraphs 1 through 52 above as though fully set forth herein.

54. The applicant named on Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL is "Beyond the Box, Inc."

55. Defendant Tucker, the Manager of Defendant BTB-LLC, listed BTB-INC (a corporation) as the applicant on Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL.

56. Upon information and belief, BTB-INC does not legally exist and therefore could not be named as the applicant on Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL.

57. To the extent that Defendants BTB-INC or BTB-BTB-LLC could argue that a "Beyond the Box" entity was truly entitled to file Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL in its name, the named entity should have been BTB-LLC.

58. Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL cannot be amended to designate BTB-LLC as the applicant.

59. Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL was filed in the name of a wrong party and is void *ab initio*.

## COUNT III:
## THE DISMISSAL OF OPPOSITION NOS. 91197393 and 91197395
## SHOULD BE REVERSED

60. Plaintiffs repeat, reallege, and incorporate herein by reference Paragraphs 1 through 59 above as though fully set forth herein.

61. Defendant BTB-INC specifically plead that it was only acting an agent of End The Fight, LLC in its Answer to Plaintiffs Notice of Opposition.

62. Defendant BTB-INC's specific admission that it was acting as an agent of End The Fight, LLC is a concession that it did not have the required bona fide intent-to-use the mark FIGHT LIKE A CAROLINA GIRL and was not the proper applicant of Trademark Application Serial No. 77/900,545.

63. As the issue of the proper name of the applicant of Trademark Application Serial No. 77/900,545 was specifically pleaded in BTB-INC's Answer, it was a proper matter to be treated in Plaintiffs response to BTB-INC's Motion For Judgment on the Pleadings (which was alleged to be a motion for summary judgment).64The decision dismissing the Opposition Nos. 91197393 and 91197395 on the grounds that the application was void *ab initio* was never pleaded by Plaintiffs should be reversed.

## COUNT IV:
## THE CASE SHOULD BE REMANDED TO THE UNITED STATES
## PATENT AND TRADEMARK OFFICE

65. Plaintiffs repeat, reallege, and incorporate herein by reference Paragraphs 1 through 64 above as though fully set forth herein.

66. Defendant BTB-INC specifically plead that it was only acting an agent of End The Fight, LLC in its Answer to Plaintiffs Notice of Opposition.

13

67. Defendant BTB-INC's specific admission that it was acting as an agent of End The Fight, LLC is a concession that it was not the proper applicant of Trademark Application Serial No. 77/900,545.

68. The decision of the Trademark Trial and Appeal Board dismissing Opposition Nos. 91197393 and 91197395 stated that Plaintiffs' motion for summary judgment was denied as being based on an unpleaded issue, namely, that the involved application is void *ab initio*.

69. There are facts disclosed in Defendant BTB-INC's Answer relating to the failure to name the proper applicant in the initial application, which renders the mark FIGHT LIKE A CAROLINA GIRL unregistrable.

70. The facts disclosed in Defendant BTB-INC's Answer relating to the failure to name the proper applicant in the initial application were, according to the decision of the Trademark Trial and Appeal Board, not permitted to be tried in Opposition Proceeding Nos. 91197393 and 911973965.

71. 37 C.F.R. 2.131 provides for remand to the Examining Attorney of the United States Patent and Trademark Office to consider disclosed facts that are disclosed that render a mark unregistrable, but are not tried in an opposition proceeding.

14

## COUNT V:
## DEFENDANTS' MARK SHOULD BE REFUSED REGISTRATION BASED ON A LIKELIHOOD OF CONFUSION WITH PLAINTIFFS' MARK

72. Plaintiffs repeat, reallege, and incorporate herein by reference Paragraphs 1 through 71 above as though fully set forth herein.

73. The pending mark FIGHT LIKE A CAROLINA GIRL is similar in appearance, spelling, sound and pronunciation to Plaintiffs' FIGHT LIKE A GIRL mark, to which it has acquired common law trademark and service mark rights.

74. The pending mark FIGHT LIKE A CAROLINA GIRL conveys a similar commercial impression and connotation as Plaintiffs' FIGHT LIKE A GIRL mark.

75. The goods for which Defendant BTB-INC seeks to register the term FIGHT LIKE A CAROLINA GIRL are related to, substantially similar to, or of the same general nature as the goods covered by Plaintiffs' FIGHT LIKE A GIRL mark.

76. The goods and services of Plaintiffs are offered for sale and advertised at least through the internet.

77. Plaintiffs market and sell goods, and market and provide services to people fighting cancer and who suffer or are affected by ailments and life-threatening diseases.

15

Case 1:11-cv-00978-UA-JEP    Document 1    Filed 11/11/11    Page 15 of 20

78. Upon information and belief, the goods are intended to be marketed and sold by End the Fight, LLC under the mark FIGHT LIKE A CAROLINA GIRL to people fighting cancer and who suffer or are affected by ailments and life-threatening diseases, and therefore are directed to the same general class of purchasers as Plaintiffs' goods.

79. Plaintiffs have spent significant time, effort, and money extensively advertising, marketing and otherwise promoting its FIGHT LIKE A GIRL mark, and its federally applied for FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER, FIGHT LIKE A GIRL CLUB, and FIGHT LIKE A GIRL FOUNDATION marks to the purchasing public in connection with the sale of goods and provision of services in interstate commerce throughout the United States.

80. By extensively advertising, marketing and promoting goods and services under its marks, the purchasing public has come to recognize Plaintiffs' marks as signifying Plaintiffs as the source or origin of those goods and services.

81. By extensively advertising, marketing and promoting goods under its marks, Plaintiffs have developed exceedingly valuable goodwill and consumer recognition throughout the United States with respect to the trademarks.

82. The registration of the mark FIGHT LIKE A CAROLINA GIRL in connection with the goods recited in the application is such that it will create or is likely to create

16

confusion, deception, or mistake among purchasers as to the origin or source of Plaintiffs' goods.

83. The registration of the mark FIGHT LIKE A CAROLINA GIRL is such that purchasers will be misled and deceived into mistakenly believing that Defendants' or End the Fight's goods are approved or sponsored by Plaintiffs', which they are not.

84. The registration of the mark FIGHT LIKE A CAROLINA GIRL is such that purchasers will be misled and deceived into mistakenly believing that Defendants' or End the Fight's goods are in some way affiliated, connected to, or associated with Plaintiffs, which they are not.

85. The registration of the mark FIGHT LIKE A CAROLINA GIRL works to Plaintiffs' disadvantage in that the goodwill attached to Plaintiffs' marks will likely be extended to Defendants or End the Fight without Plaintiffs' knowledge or consent.

86. The registration of the mark FIGHT LIKE A CAROLINA GIRL will interfere with, or is likely to interfere with, or embarrass Plaintiffs', in its business reputation and the reputation of the goods and services for which they use their mark FIGHT LIKE A GIRL.

## **RELIEF SOUGHT**

**WHEREFORE**, Plaintiffs respectfully seek the following relief from the Court:

A. judgment that Beyond the Box, Inc. was the incorrect and wrong applicant named on Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL;

B. judgment that Beyond the Box, LLC is not the correct applicant for Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL;

C. judgment that End The Fight, LLC, or its organizer(s) or mangers(s) should have been named as the correct applicant on Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL;

D. judgment that the name of the applicant of Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL cannot be corrected by amendment to name the correct owner of the mark and applicant;

E. judgment that Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL is void *ab initio* for failure to name the correct applicant at the time of filing the subject application;

F. an order instructing the Director of the United States Patent and Trademark Office and the Commissioner for Trademarks to sustain Plaintiffs' Opposition Nos. 91197393 and 91197395 and refuse registration of Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL as being void *ab initio*;

G. judgment that the actions of Defendants in executing and filing the Declaration for Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL was willful and/or in bad faith;

H. in the alternative, judgment ordering the Trademark Trial and Appeal Board to remand Trademark Application Serial No. 77/900,545 for the mark FIGHT LIKE A CAROLINA GIRL to the Examining Attorney for further consider of the proper name of the applicant;

I. judgment that Plaintiffs have prior rights in the mark FIGHT LIKE A GIRL for use in connection with clothing, wearing apparel, and related goods and services;

J. judgment that this is an exceptional case under of the Lanham Act and an award of Plaintiffs' attorneys fees and costs of this action;

K. judgment that the phrase FIGHT LIKE A CAROLINA GIRL is confusingly similar with Plaintiffs' mark FIGHT LIKE A GIRL; and

L. any further relief deemed just, equitable, and proper.

Respectfully submitted,

**ALSTON & BIRD LLP**

This the  11th  day of November, 2011.

   /s/Richard M. McDermott
Richard M. McDermott (State Bar No. 21201)
(rick.mcdermott@alston.com)
Theresa Conduah (State Bar No. 37613)
(theresa.conduah@alston.com)
Jason A. Friday (State Bar No. 38168)
(jason.friday@alston.com)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Telephone:  (704) 444-1000
Facsimile:  (704) 444-1111


OF COUNSEL:

Salvatore A. Sidoti
(sidoti@patentandtm.com)
CURATOLO SIDOTI CO, L.P.A.
24500 Center Ridge Road, Suite 280
Cleveland, OH 44145
Telephone:  (440) 808-0011
Facsimile:  (440) 808-0657

20